UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHEYENNE PRODUCTIONS, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00166 AGF |
| ) | |
| CHARLES E. BERRY, a/k/a/ CHUCK ) | |
| BERRY; WILLIAM MORRIS ) | |
| ENDEAVOR ENTERTAINMENT, LLC, ) | |
| f/k/a WILLIAM MORRIS AGENCY; and ) | |
| RICHARD ALEN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cheyenne Productions, S.A.'s ("Cheyenne") motion for leave to file a surreply addressing the motion of Defendants William Morris Endeavor Entertainment, LLC, ("WMEE") and its agent Richard Alen to dismiss Cheyenne's second amended complaint for lack of personal jurisdiction over them. In its proposed surreply, Cheyenne requests time to engage in jurisdictional discovery should the Court be inclined to grant WMEE and Alen's motion to dismiss. For the reasons set forth below, Cheyenne's motion and request shall both be granted.

Cheyenne is a Panama company with its principle place of business in Nevada. WMEE is a Delaware company with its principle place of business in California. Alen is a resident of California. Defendant Charles E. Berry, a musical performing artist, is a resident of Missouri. Cheyenne commenced this action on January 28, 2009, against only Berry for claims arising out of Berry's alleged breach of contract and misconduct with

regard to agreements he made with Cheyenne, acting as his booking agent, to perform in various venues in Europe.

On April 19, 2010, pursuant to a consent motion filed by the parties, the Court entered an amended Case Management Order ("CMO"), giving the parties until July 15, 2010, to seek to add additional parties or amend the pleadings, and setting the trial for April 11, 2011. Cheyenne filed an amended complaint on June 9, 2010, again asserting claims only against Berry. On October 13, 2010, Plaintiff filed a motion for leave to file a second amended complaint adding WMEE and Alen as Defendants, and asserting claims against them for fraud, negligent misrepresentation, and tortious interference with contractual or business relations between Cheyenne and Berry and Cheyenne and various promoters; as well as a claim against only WMEE for negligent hiring and retention of Alen. The salient alleged fact underlying these claims is the allegation that WMEE and Alen motivated Berry to breach his agreements with Cheyenne. Berry represented that he did not oppose the motion, and the Court granted leave to file the second amended complaint on October 22, 2010.

On December 1, 2010, before WMEE and Alan were served, the Court further amended the CMO, pursuant to a consent motion of Cheyenne and Berry, extending the deadlines in the CMO and providing that within 30 days after the entry of appearance of WMEE and Alen, the parties file a new joint proposed amended CMO. WMEE and Alen entered a special appearance on December 15, 2010, and filed their motion to dismiss for lack of personal jurisdiction on January 14, 2011. After both sides were granted

2

extensions to file a response and reply, respectively, WMEE and Alen filed their reply on February 11, 2011.

Upon review of the record and the relevant case law, Defendants WMEE and Alen have presented strong arguments in support of their motion to dismiss for lack of personal jurisdiction. The Court, however, will allow Cheyenne 60 days to conduct jurisdictional discovery and file a supplemental brief on the issue. See, e.g., 1st Tech., LLC v. Digital Gaming Solutions S.A., No. 4:08CV586 DDN, 2009 WL 879463, at *7 (E.D. Mo. March 30, 2009) ("Although the plaintiff bears the burden of proving facts to support personal jurisdiction, courts should assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.") (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to file a sur-reply is **GRANTED**. [Doc. #78]

**IT IS FURTHER ORDERED** that the parties shall have up to and including May 16, 2011, to conduct jurisdictional discovery. Plaintiff may file a supplemental brief on the issue of personal jurisdiction on or before June 10, 2011. Defendants WMEE and Alen shall have seven days to file a response, and Plaintiff shall have seven days to file a reply.

**IT IS FURTHER ORDERED** that the trial date in this case of April 11, 2011, is **VACATED**.

**IT IS FURTHER ORDERED** that if the Court denies Defendants WMEE and Alen's motion to dismiss for lack of personal jurisdiction, the parties shall submit a new joint proposed CMO within ten days of such denial. If the Court grants the motion to dismiss, the Court will set the matter for prompt trial.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2010.