UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHEYENNE PRODUCTIONS, S.A., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00166 AGF |
| | ) | |
| CHARLES E. BERRY, a/k/a/ CHUCK | ) | |
| BERRY, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion (Doc. No. 119) of Defendant Charles

E. Berry to exclude the proposed testimony of Plaintiff Cheyenne Production, SA's

designated damages expert, Andrew C. Verzilli.  For the reasons set forth below, this

motion shall be denied.  The portion of Defendant's motion for summary judgment on

which the Court reserved ruling in its Memorandum and Order dated May 11, 2012,

seeking summary judgment on Plaintiff's claims for lost profits and damage to reputation,

shall also be denied.

## <u>BACKGROUND</u>

As more fully set forth in previous Orders entered in this case, Plaintiff, a booking

agent, seeks damages arising out of the cancellation by Defendant, a performing artist, of

three shows on a July 2008 concert tour arranged by Plaintiff, and Defendant's

performance of 15 shows on a November 2008 concert tour using a different agent after

Plaintiff had made the arrangements for that tour.  Plaintiff seeks the following alleged damages:

(1) The amounts paid by Plaintiff to Defendant, and the amounts refunded by Plaintiff to concert promoters, in connection with the three cancelled performances in the July 2008 tour; (2) the amounts Plaintiff expended, primarily for airfare, in connection with the cancelled July shows; (3) the lost profits Plaintiff would have earned had Defendant used Plaintiff as his agent for the November 2008 tour; and (4) the pecuniary loss sustained by Plaintiff as a result of damage to its reputation due to Plaintiff's cancellation of the July shows which, Plaintiff alleges, caused other entertainment acts for whom Plaintiff had previously provided booking services to stop booking shows through Plaintiff.

Mr. Verzilli's report (Doc. No. 119-1) quantifies the above damages by using various figures provided to him by Plaintiff.  For example, Mr. Verzilli's estimate of "lost potential revenue" from the November 2008 tour is based on what Plaintiff was to receive for each show less the payment Defendant was to be paid for each show and the expenses Plaintiff would have likely incurred for each show.  Mr. Verzilli's estimate of Plaintiff's reputational damages was based on what Plaintiff's revenues were prior to July 2008 and during the five years after July 2008.

Defendant argues that Mr. Verzilli's proposed testimony should be excluded because it does not satisfy the requirements of Rule 702 of the Federal Rules of Evidence. Defendant does not challenge Mr. Verzilli's qualifications, but rather argues that in his expert report here, essentially all he does is add and subtract numbers provided to him by

2

Plaintiff, an activity that does not require any expertise.  Defendant also challenges the

information the expert relies on in calculating loss profits and damage to reputation, and

the expert's methodology.  In addition to the report itself, Defendant relies on Mr.

Verzilli's deposition testimony describing his report.  Defendant further argues, that

because Mr. Verzilli's report and proposed testimony is not admissible as expert

testimony, Plaintiff's claim for lost profits and reputational damages should be rejected

by the Court.   The matter of whether Plaintiff is entitled to proceed on its claim for

reputational damages was left unresolved by the Court when it ruled on Defendant's

motion for summary judgment.

## DISCUSSION

Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of
> an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other
>> specialized knowledge will help the trier of fact
>> to understand the evidence or to determine a
>> fact in issue;
>>
>> (b) the testimony is based on sufficient facts or
>> data;
>>
>> (c) the testimony is the product of reliable
>> principles and methods; and
>>
>> (d) the expert has reliably applied the principles
>> and methods to the facts of the case.

The Court concludes that the challenged expert report and proposed testimony is

based on sufficiently reliable methods and specialized knowledge and will help the trier

3

of fact.  *See, e.g., Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007).  Of

course, before any opinion offered by Mr. Verzilli is admitted into evidence, Plaintiff will

have to establish a proper evidentiary basis for any facts that predicate such opinion.  And

Defendant will be able to cross examine Mr. Verzilli and offer its own expert testimony

on the damages issue (assuming expert discovery deadlines were complied with).  *See id.*

       The Court further concludes that Defendant is not entitled to summary judgment

on Plaintiff's claim for damages as a result of the alleged damage to its reputation caused

by Defendant.  Under Missouri law, "[t]he evidence proffered to establish actual damages

[resulting from damage to reputation] may not be too speculative and must be founded

upon more than the plaintiff's embarrassment or perception of their [sic] own reputation."

*Fireworks Restoration Co. v. Hosto* , ___ S.W.3d ___, 2012 WL 1610538, at *3 (Mo. Ct.

App. May 9, 2012).  To be sure, at trial Plaintiff will have to present "substantial and

competent evidence pertaining to its pecuniary losses that followed" Defendant's

challenged conduct, *see id., at *5*, but at this stage of the proceedings, Defendant is not

entitled to summary judgment on this issue.

<u>**CONCLUSION**</u>

       Accordingly,

       **IT IS HEREBY ORDERED** that Defendant's motion to exclude the testimony of

Plaintiff's damages expert, Andrew C. Verzilli, is **DENIED**.  (Doc. No. 119.)

4

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment with regard to Plaintiff's claim for lost profits as a result of alleged damage to its reputation is **DENIED**.  (Doc. No. 115.)


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of July, 2012